Paul BURCHAM; Patty Burcham,
Plaintiffs–Appellants

v.

WEYERHAEUSER NR COMPANY,
Defendant–Appellee.

Bituminous Insurance Company;
Mike Alexander Logging,
Intervenor Plaintiff.

No. 13–2358.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 7, 2014.

Filed: March 25, 2014.

Geoffrey P. Culbertson, Nicholas H. Patton, Patton & Tidwell, Texarkana, TX, for Plaintiffs–Appellants.

Randy P. Murphy, Mark D. Wankum, Anderson & Murphy, Little Rock, AR, for Defendant–Appellee.

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

PER CURIAM.

Paul and Patty Burcham (the Burchams) appeal the district court's [1] adverse grant of summary judgment in their diversity negligence action which arose from injuries Paul Burcham sustained while using a chainsaw to remove timber. Upon de novo review of the record [2] and the district court's application of state law, see *Day v. Case Credit Corp.*, 427 F.3d 1148, 1152 (8th Cir.2005), we affirm. Specifically, we find that even assuming that the record established genuine issues of material fact on whether Weyerhaeuser NR Company (WNR) undertook to provide a safe work environment, a jury would be unable to conclude that there was negligence on WNR's part. See *Stoltze v. Ark. Valley Elect. Coop. Corp.*, 354 Ark. 601, 127 S.W.3d 466, 469–70 (2003) (one exception to general rule that employer is not responsible for injuries sustained by independent contractor's employees is when employer undertakes to perform certain duties and negligently fails to perform them or performs them negligently); see also *Wagner v. Gen. Motors Corp.*, 370 Ark. 268, 258 S.W.3d 749, 753–54 (2007) (essential elements of negligence claim); *Bess v. Herrin*, 309 Ark. 555, 831 S.W.2d 907, 908 (1992) (negligence cannot be presumed from mere happening of accident). The judgment of the district court is affirmed.

---

1. The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

2. We find no merit to the Burchams' contentions that the district court did not construe the record in a light most favorable to them, see *McKenney v. Harrison*, 635 F.3d 354, 358 (8th Cir.2011), or improperly made credibility determinations, see *Coker v. Ark. State Police*, 734 F.3d 838, 843 (8th Cir.2013).